# *Ex parte* Rhear.

*Application for Mandamus in matter of Habeas Corpus.*

1.  *Application for bail or discharge on habeas corpus; burden of proof.* On an application for a discharge or bail by a person who is in confinement under an indictment for murder, he is presumed to be guilty of murder in the first degree, unless that presumption is overcome by the evidence adduced; and the indictment being produced, the defendant must take the initiative, and rebut the presumption arising therefrom.

The petitioner in this case, Orlando M. Rhear, being con-

[Ex parte Rhear.]

fined in the jail of Colbert county, under an indictment which charged him with the murder of James Sisk, presented his petition for the writ of *habeas corpus* to Hon. H. C. Speake, the presiding judge of the circuit, alleging that he was not guilty of the offense, and asking that he be discharged, or admitted to bail, as might seem right and proper on the facts developed at the hearing.   On the hearing under the writ, as appears from a bill of exceptions reserved by the petitioner, " the petitioner being present in court, and the State by its counsel, both parties announced themselves ready; some twelve witnesses were called on behalf of the State, sworn, and put under the rule, and about eight witnesses were called on behalf of the defendant, sworn, and put under the rule.   The State then introduced the indictment, and rested, declining to introduce any evidence to show upon what state of facts said indictment was founded; against which action the defendant objected and protested, but the judge sustained the action of the State, and ruled that the indictment was all the evidence the State was required to produce on the hearing, unless in rebuttal; to which action and ruling the defendant excepted.   The defendant then asked and moved that the State be required to introduce evidence to show on what state of facts said indictment was found; which motion the court overruled, and the defendant excepted.   The defendant then moved that the State be required to show whether the indictment was founded on a state of facts constituting murder in the first or second degree; which motion the court overruled, and the defendant excepted. The defendant then moved that, as the witnesses were all present, sworn, and put under the rule, and the State declined to examine any witness on the hearing, and the indictment did not show whether it was for murder in the first or second degree, the defendant be admitted to bail; which motion was overruled by the presiding judge, who refused to admit the defendant to bail, unless he would take the initiative, and show by evidence that the offense was less than murder in the first degree, to which ruling and refusal the defendant excepted. The defendant then urged upon the judge, that it was impossible for him to know how to defend himself on the hearing, or to learn the facts on which the indictment was founded, without introducing the State's witnesses, thereby making them his own, and putting it out of his power afterwards to assail or discredit them, and, for this reason, the State should be required to first produce and examine its witnesses; but the judge overruled said motion *in toto*, and the defendant excepted."

On these facts, the petitioner renews his application to this court, making the bill of exceptions an exhibit to his petition, and praying the court " to award a writ of *mandamus*, or other

[King v. The State.]

appropriate writ, directed to the judge of said eighth judicial circuit, commanding and directing him to hear the evidence against the petitioner, as well as that in his behalf, and to determine from the evidence whether he is or is not entitled to bail; and he further prays for any other remedial writ or process, in accordance with the facts in his case."

J. B. MOORE, for the petitioner.

T. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—In *Ex parte Vaughan*, 44 Ala. 417, this court said : " On an application for bail by a prisoner, who is shown to be under indictment for murder, he is presumed to be guilty of the charge in the highest degree, and that presumption must be overcome by proof." In the recent work, Church on *Habeas Corpus*, § 404, it is said : " The applicant must show that, though held to answer a charge of a capital offense, the proof is not evident. In this, the prisoner must take the initiative. . . . The question [whether he is guilty of murder in the first degree, and therefore not bailable] should be determined without reference to whether the evidence was introduced by the applicant, or by the State, and without reference to the *prima facie* case, which would, in the absence of proof, be made by the production of a *capias* and a valid indictment."—See, also, *Ex parte Glaron*, 75 Ala.

There is no error in the rulings of the Circuit Court, and neither *mandamus* nor appellate *habeas corpus* will be awarded.