(85 South. 827)

**Ex parte CARSON.** (7 Div. 649.)

(Court of Appeals of Alabama. Feb. 3, 1920.)

1. BAIL ☞43 — DEFENDANT SHOULD BE ADMITTED TO BAIL IN ROBBERY CASE, WHERE CAPITAL PUNISHMENT WOULD NOT BE IMPOSED.

Though Code 1907, § 6337, declares that a defendant cannot be admitted to bail when he is charged with an offense which may be punished by death, if the court or the magistrate is of the opinion on the evidence that he is guilty of the offense in the degree punished capitally, a defendant accused of robbery, which may be punished capitally, should be admitted to bail, where, the evidence showed that he would not be so punished.

2. BAIL ☞49—PRESUMPTION OF GUILT AUTHORIZING CAPITAL PUNISHMENT MAY BE OVERCOME.

The presumption on application for bail by one charged with robbery that he was guilty in the highest degree, which is punished capitally, may be overcome by proof.

3. BAIL ☞43 — LARCENY ☞12 — ROBBERY ☞5 — WHERE PROPERTY IS TAKEN BY STEALTH, OFFENSE IS LARCENY, NOT ROBBERY, AND IS BAILABLE.

The offense of robbery is against the person and property, and where a pickpocket by stealth removed another's pocketbook he is not guilty of the offense of robbery, but larceny, and should be admitted to bail.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Larceny; Robbery.]

4. BAIL ☞43—LARCENY IS BAILABLE.

Larceny is bailable as a matter of right.

5. INDICTMENT AND INFORMATION ☞191(9)— ROBBERY INCLUDES LARCENY.

The offense of robbery includes a charge of larceny.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Ex parte petition by Thomas Carson that he be allowed bail. From the judgment denying the petition, he appeals. Reversed and remanded.

J. F. Greene and P. F. Wharton, both of Anniston, for appellant.

Under the evidence appellant was not guilty of robbery. 91 Ala. 34, 9 South. 81; 97 Ala. 82, 12 South. 276. He was therefore entitled to bail as a matter of right. · Sec-

---

tion 6338, Code 1907; 95 Ala. 24, 11 South. 14; 58 Ala. 268.

J. Q. Smith, Atty. Gen., for appellee.
No brief reached the Reporter.

MERRITT, J. The defendant, being confined in the Calhoun county jail by virtue of a mittimus or commitment issued to the jailer by Hon. Thos. W. Coleman, Jr., judge of probate and ex officio judge of the county court, issued after a hearing before said judge charging the defendant with robbery, filed a petition before Hon. Hugh D. Merrill, judge of the circuit court of Calhoun county, alleging that he was unlawfully deprived of his liberty, and praying that he be allowed bail. Upon the return of the writ, after answer filed by the jailer, and after hearing the testimony in the cause, the trial judge denied the petition, and from such ruling petitioner appeals to this court.

[1, 2] Section 6337 of the Code provides that—

"A defendant cannot be admitted to bail when he is charged with an offense which may be punished by death, if the court or magistrate is of the opinion, on the evidence adduced, that he is guilty of the offense in the degree punished capitally."

It is true that the offense charged may be punished capitally, but a reading of the testimony clearly convinces us that no judge or court would sustain a conviction thereunder carrying with it the death penalty, and while in cases of this kind the accused must be presumed to be guilty in the highest degree, yet such presumption in this case is overcome, as we have said by the proof. Ex parte Vaughan, 44 Ala. 417.

[3-5] There is still another, and the main reason why in the instant case the petitioner should be allowed bail. The testimony discloses that the petitioner was what is commonly known as a picketpocket; that he took from the pocket of the prosecutor about $375 on a circus day at a railway depot, where there was a great throng of people, all trying to get on the train at one and the same time. According to the testimony of the prosecutor, "They did not lay their hands on me violently; he didn't aim to hurt me; he just took my pocketbook." The offense of robbery is against the person and property. In so far as it is against the person, it consists in personal violence or personal intimidation. If there be a taking by trick or connivance, and carrying away with felonious intent, but no violence or putting in fear, as a means of the caption of another's property, there is a larceny, but no robbery. The elements of the offense, and the distinction between robbery and larceny, are clearly set out and discussed in the case of Thomas

v. State, 91 Ala. 34, 9 South. 81, and an application of the law to the facts as disclosed in this case shows that the petitioner is guilty, not of robbery, but of larceny, which is, of course, bailable as a matter of right. Of course it is unnecessary to say that embraced in the charge of robbery is that of larceny.

For the reasons set out, the petitioner should have been allowed bail.

Reversed and remanded.