(85 South. 707)

STATE ex rel. SMITH, Atty. Gen., v. LOWE, County Judge. (8 Div. 260.)

(Supreme Court of Alabama. May 20, 1920.)

1. Bail ⏎49—Statute merely requires judge to indorse amount on indictment.

Under Acts 1887, p. 117, providing the amount of bail may be fixed by the judge in term time in all cases of bailable felonies pending in court, and that application for such purpose may be made in vacation, incorporated into Code 1907, § 6331, merely requires that the judge forthwith (indicating that ordinarily the proceeding will be ex parte) indorse on the indictment the amount of bail required, which indorsement must be repeated by the clerk on the writ of arrest.

2. Bail ⏎49—Prisoner charged with capital felony must overcome presumption of guilt in highest degree by proof.

At common law all cases were bailable, and are under the Constitution and laws of Alabama, except when the proof of guilt is evident or the presumption great; but under Code 1907, § 6337, a prisoner under indictment for a capital felony is presumed to be guilty in the highest degree, and to deserve bail as of right must overcome the presumption by proof.

3. Bail ⏎49—Habeas corpus ⏎3, 85(1) — Procedure of statute not intended for charge of capital felony; but habeas corpus lies, and witnesses may be examined.

Procedure for bail provided by Code 1907, § 6331, and following sections, is not intended for cases in which the prisoner is indicted for a capital felony; but the right to bail in such cases is to be determined on habeas corpus, on hearing of which the state and accused are entitled to have witnesses heard as a matter of right.

Petition by the State of Alabama, on the relation of J. Q. Smith, Attorney General, for writ of prohibition to Hon. W. T. Lowe, as Judge of the County Court of Morgan County, to restrain him from hearing application for bail made by one Charlie Namie. Writ awarded.

Charlie Namie was indicted for murder in the first degree, tried on said charge, and a mistrial resulted. Being still confined in jail, he petitioned the judge of the county court of Morgan county for bail, stating the facts as stated here. Thereupon the court fixed a day and place for hearing the application, and gave notice to the solicitor of his intention to hear the same on that day. The petition was not an application for habeas corpus.

J. Q. Smith, Atty. Gen., Lamar Field, Asst. Atty. Gen., and D. C. Almon, Sol., of Albany, for appellant.

Habeas corpus is the only remedy. Ex parte Tom Carson, 85 South. 827; 60 Ala. 65. Section 6331 et seq., Code 1907, apply only to available offenses.

Callahan & Harris and S. A. Lynne, all of Decatur, for appellee.

Prohibition will not lie to restrain an inferior court from an exercise of jurisdiction in a particular case, in the class of cases of which such court has jurisdiction. 55 W. Va. 560, 47 S. E. 301. The application was properly made. 60 Ala. 65.

SAYRE, J. Petition by the Attorney General for a writ of prohibition, directed to the judge of the county court of Morgan, commanding him to refrain from hearing the

application by which one Charlie Namie, confined in the county jail under an indictment for murder in the first degree, would have said judge to fix bail.

The indictment is pending in the circuit court of Morgan; but the parties make no question as to the right in general of the respondent to act in such causes in a proper proceeding, and we make none.

Prior to the act of February 28, 1887 (Acts 1887, p. 117), the statute provided that the amount of bail might be fixed by the judge in term time in all cases of bailable felonies pending in court, and that an application for such purpose might be made in vacation. Criminal Code of 1886, § 4411. We think the context shows that the intention was to limit applications under the statute to cases of bailable felonies. The act referred to required that the amount of bail fixed by the judge should forthwith be indorsed on the indictment when filed in court. Certainly it could not have been intended that the judge should forthwith examine the evidence in the case of every indictment returned into court, thereby repeating the labors of the grand jury. Section 6331 of the present Code, and its predecessors to like effect, seem to contemplate an ex parte proceeding in the ordinary case of a bailable felony; and yet it has always been within the contemplation of the statute that in some cases the evidence might be heard, for the provision is that, if the application is refused, the evidence may be set out on exceptions, and the application renewed in this court. Code 1886, § 4413; Code 1896, § 4355; Code 1907, § 6335. And of course there can be no doubt that in any case the judge may with right and propriety examine the evidence before fixing the bail.

[1] The effect of the act of 1887, supra, which has been incorporated into section 6331 of the present Code, is merely to require that the judge must forthwith—thus again disclosing the legislative purpose that ordinarily the proceeding will be ex parte—indorse upon the indictment the amount of the bail required of the defendant, which indorsement must be repeated by the clerk upon the writ of arrest.

[2] At the common law, all cases were bailable (Ex parte Croom, 19 Ala. 561, 570), and so they are under our Constitution and laws, except "when the proof is evident or the presumption great"; but a prisoner under indictment for a capital felony is presumed to be guilty in the highest degree, and, to deserve bail as of right, must overcome that presumption by proof. Code, § 6337; Ex parte Vaughan, 44 Ala. 417; Ex parte Rhear, 77 Ala. 92.

204 ALA.—19

[3] From the premises stated, we infer that the procedure provided by section 6331 and the following sections of article 2 of chapter 169 of the Code of 1907, is not intended for cases in which the prisoner is indicted for a capital felony, but that the right to bail in such cases is to be determined on habeas corpus, on the hearing of which the state and the accused are entitled as of right to have the witnesses heard.

We construe the proceeding in this case as having been instituted under section 6331 of the Code. It may be that the respondent has intended not to fix bail without hearing the evidence, in which event the difference between the procedure adopted and a hearing on habeas corpus would consist in a matter of formality only, and be of no consequence. But we are not advised how, in that respect, the respondent intends further to proceed, and conceive it to be our duty in the premises to so provide that the accused be not admitted to bail without an opportunity to have the witnesses heard against him. The writ of prohibition will accordingly be awarded, unless the respondent, upon being advised of this opinion, shall indicate his intention to proceed in accordance herewith.

Attorneys for the respondent rely upon the decision in Callahan v. State, 60 Ala. 65. That was a proceeding by scire facias against the sureties on a forfeited recognizance. The prisoner had petitioned for a writ of habeas corpus. Accompanying the petition was the written consent of the state's solicitor, agreeing that bail be fixed at a certain amount, and without more the judge fixed bail in that amount. It was contended that the bail piece was void, as not having been taken in pursuance of law and the order of a competent court or officer. The bail piece was held good. There was no hearing of the witnesses in the proceeding which fixed bail, but the state's solicitor agreed, in effect, that the offense charged was bailable, and the court appears to have acted upon the theory that this brought the case within the field covered by what is now section 6331 of the Code. In the legislation on the subject there seems not to have been any great effort to keep the field occupied by the statute under consideration distinct from that occupied by the writ of habeas corpus to fix bail. The question is confused, but our best judgment is that the result here announced is not out of harmony with the decision in Callahan v. State.

Writ awarded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.