## STATE v. LEE. (7 Div. 849.)

(Court of Appeals of Alabama. Dec. 19, 1922.)

1. Habeas corpus ⊃85.(1)—One indicted for capital felony presumed guilty in highest degree, and before entitled to bail must overcome that presumption.

On petition for habeas corpus for release on bail, accused being under indictment for a capital felony is presumed to be guilty in the highest degree, and in order to be entitled to bail, as of right, must overcome that presumption by proof.

2. Habeas corpus ⊃107—Revisory courts will give much weight to judgment of lower court granting bail.

Where, on the hearing of accused's petition for habeas corpus for discharge on bail, the state introduced no testimony tending to connect defendant with the commission of the offense except to offer in evidence the capias and the indictment, 'as to the validity of which no question was raised, the state thus making out a prima facie case against accused, who then offered testimony in his behalf to rebut the presumption of guilt, held order allowing bail not reversible in view of the rule that revisory courts will give much weight to the judgment of the lower court in such proceedings.

Appeal from Probate Court, St. Clair County; Perkins McLendon, Judge.

Onnie Lee petitioned the Probate Court for a writ of habeas corpus. From an order admitting the petitioner to bail, the State appeals. Affirmed.

M. C. Sivley, of Gadsden, Solicitor Sixteenth Judicial Circuit, for the State.

Brief of counsel did not reach the Reporter.

Frank B. Embry, of Pell City, and C. R. Robinson, of Ashville, for appellee.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. Appellee, being confined in the county jail of St. Clair county, under a charge by indictment for murder in the first degree, addressed a petition to the probate judge of said county for a writ of habeas corpus in which it was averred that he was not guilty of the degree of murder as charged in the indictment, that he was illegally restrained of his liberty, etc.

The record shows that due notice under the statute was given, and upon the hearing of the petition the defendant was allowed bail in the sum of $5,000, from which order and judgment the solicitor on behalf of the state prosecutes this appeal. Code 1907, § 6245.

The proceedings appear regular in all respects. We must therefore consider this appeal upon its merits. In so doing we are not prepared to say that the order and judgment of the probate judge of St. Clair coun-

---

·ty in allowing the defendant bail, as stated, was erroneous.

[1] In a proceeding of this character, the prisoner, being under indictment for a capital felony, is presumed to be guilty in the highest degree, and, in order to be entitled to bail as of right, must overcome that presumption by proof. Ex parte Vaughan, 44 Ala. 417; Ex parte Rhear, 77 Ala. 92; State ex rel. Smith, Attorney General, v. Lowe, Judge, 204 Ala. 288, 85 South. 707; 39 L. R. A. (N. S.) 774 n.

[2] On the hearing of the petition in the court below, the state introduced no testimony, tending to connect the defendant with the commission of the offense, except to offer in evidence the capias and the indictment, as to the validity of which no question was raised. This made out a prima facie case against the prisoner, who thereupon offered testimony in his behalf to overcome or rebut this presumption: with the result that bail, as hereinaboye stated, was allowed.

The rule is that revisory courts will give much weight to the judgment of the lower court in proceedings of this character; and therefore we are unwilling to reverse the order and judgment allowing petitioner bail.

Affirmed.