

Douglass Taylor and Claudie H. Pipes, both of Huntsville, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

23 So.2d 13

## SMITH v. STATE.
### 8 Div. 478.

Court of Appeals of Alabama.
June 28, 1945.

Rehearing Denied Aug. 7, 1945.

**196**

PER CURIAM.

The law governing this appeal has recently been set out by us in our opinion in the case of Pair v. State, ante, p. 90, 22 So. 2d 100—certiorari denied in same, 246 Ala. 672, 22 So.2d 101.

Here, all that we deem wise or necessary to be said is that after a mature study of the evidence on which the adjudication below was made—which was, by the way, not adduced orally before the judge—we are of the opinion that the court would not sustain a "capital conviction" pronounced by a jury on same. Ex parte Sloane 95 Ala. 22, 11 So. 14; Ex parte McAnally 53 Ala. 495, 25 Am.Rep. 646.

It results that appellant is due to be released on bail. Pair v. State, supra.

The order and judgment of the lower court (judge of same) denying appellant bail is reversed; and it is here ordered and adjudged that appellant be admitted to bail in such reasonable amount as may be fixed by the circuit judge—no data being before us upon which to arrive at the amount of bail to be required.

The cause is remanded, that bail may be fixed and allowed as above—conditioned and approved as the law requires.

Reversed and remanded, with instructions.

CARR, Judge (dissenting).

The record of this appeal sustains the accuracy of the following statement taken from the brief of appellant's counsel:

"This is an appeal from the judgment of the Honorable Schuyler H. Richardson, Judge of the 21st Judicial Circuit, denying relief to petitioner on application for bail.

"The appellant is confined in the county jail of Madison County, Alabama, under an indictment and warrant charging him with murder in the first degree.

"On May 15, 1945, the defendant was tried on an indictment charging him with murder in the first degree before the Hon. W. J. Haralson, Circuit Judge, acting under order of the Chief Justice of the Supreme Court and assigned to the Circuit Court of Madison County, Alabama, on account of the illness of Judge Richardson.

"By agreement of counsel the defendant and the State offered the stenographer's certified transcript of the testimony on the trial on May 15, 1945, which is set out verbatim in the record. It was also agreed by the Solicitor and the attorneys for the defendant that on the trial of the said Jesse Smith in the Circuit Court of Madison County on the indictment charging him with murder, the Hon. W. J. Haralson was the presiding judge."

Petitioner's trial of May 15, 1945, referred to above, resulted in a failure of the jury to agree, and a mistrial was ordered.

Judicial propriety and caution prompt me to forego a discussion of the evidence. However, I do not violate this obligation in the observation that the record discloses without conflict that petitioner shot deceased with a pistol, from which infliction the latter died forthwith. While the defendant did not testify in his own behalf, the evidence both for the prosecution and the defense does not present a contrary conclusion. A justification for the alleged homicide was sought on the doctrine of self-defense.

At common law all charged crimes were bailable, and this right is given under our Constitution and laws, "except for capital offenses, when the proof is evident or the presumption great." Section 16, Dec. of Rights, Const.1901; Ex parte McAnally, 53 Ala. 495, 25 Am.Rep. 646.

"A defendant cannot be admitted to bail when he is charged with an offense which may be punished by death, if the court or magistrate is of the opinion, on the evidence adduced, that he is guilty of the offense in the degree punishable capitally * * *." Title 15, Section 195, Code 1940. See, also, Title 15, Section 196, Code 1940.

Another rule which has had frequent application by our courts is: "Proof is evident and presumption great" if, upon the basis of the evidence taken at the hearing seeking bail, the court would sustain a capital conviction by a jury on the same evidence. Franks v. State, 11 Ala.App. 70, 65 So. 857; Ex parte Nettles, 58 Ala. 268; Benton v. State, 30 Ala.App. 526, 9 So.2d 762, Certiorari Denied 243 Ala. 274, 9 So. 2d 764; Ex parte Lawrence, 21 Ala.App. 537, 109 So. 615.

In the instant appeal, petitioner, under the indictment, is presumed to be guilty in the highest degree therein charged, and to be allowed the right of bail he must overcome this presumption by proof sufficient to convince the court that he will not be punished capitally. State ex rel. Smith v. Lowe, 204 Ala. 288, 85 So. 707; Ex parte Carson, 17 Ala.App. 345, 85 So.

827; Ex parte Vaughan, 44 Ala. 417; Ex parte Rhear, 77 Ala. 92.

I have given diligent study and careful consideration to the record in this case, and I am not convinced that the judgment of the nisi prius court, denying petitioner bail, should be disturbed.