206 So.2d 875

**Earl Donald LEE**

v.

**STATE of Alabama.**

7 Div. 785.

Supreme Court of Alabama.

Jan. 11, 1968.

Frank B. Embry, Pell City, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

This is an appeal from an order entered by Judge F. O. Whitten, Jr., of the Circuit Court for St. Clair County, denying to the petitioner bail in a habeas corpus proceeding held on May 1, 1967.

The petitioner (here appellant) has been charged with murder in the first degree and the Grand Jury has entered an indictment so charging.

The 16th section of the Constitution of Alabama (1901) provides that "all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."

The State contends that the appellant is not entitled to bail under that section because of the rule in Alabama to the effect that bail may be withheld if the evidence indicates that "the appellant, after trial, might be punished with death and probably will be under the proof". (State's brief, page 4).

■ The State overlooks the rule of the cases. A long line of cases from this court has held that three prerequisites are necessary to justify the denial of bail in capital cases:

The evidence must be clear and strong, leading to a well-guarded and dispassionate judgment to the conclusion (1) that the offense has been committed, (2) that the accused is the guilty agent, and (3) that he would probably be punished capitally if the law is administered. Holman v. Williams, 256 Ala. 157, 53 So.2d 751; Ex Parte McAnally, 53 Ala. 495; Ex Parte McCrary, 22 Ala. 65, cited in Lee v. State, 267 Ala. 665, 104 So.2d 686.

In the early case of Ex Parte McAnally, supra, this court explained this facet of the law as follows:

"* * * The question, in legal contemplation, is on an application for bail, therefore, whether the offense is of the

character which may be punished capitally. * * * Ascertaining that to be the character of the offense imputed to the accused, the next inquiry is, is 'the proof evident, or the presumption great', of the defendant's guilt. If it be not, whatever may be the probable cause to detain him to answer before a tribunal competent finally to adjudge the inquiry, he is entitled not to a discharge, but to bail. If the proof is evident, or the presumption great—if the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right."

See also Brakefield v. State, 269 Ala. 433, 113 So.2d 669.

■ We have before us only the evidence adduced at the hearing on the petition for habeas corpus. We pretermit a recitation of the evidence. Suffice it to say that we have carefully considered all of the evidence and when tested by the principles of law set forth above, we find that the appellant is entitled to bail. After studious consideration and the seriousness of the charge (murder in the first degree), it is our opinion that the amount of bail should be fixed at $10,000.

The judgment of the lower court denying bail is hereby reversed and this cause remanded and it is ordered that the appellant be released upon furnishing bail in the aforesaid amount to be approved by the judge of the Circuit Court of St. Clair County, or by the sheriff of that county pursuant to Title 15, § 194.

Reversed and remanded with directions.

LAWSON, MERRILL and HARWOOD, JJ., concur.