326 So.2d 775
**Ex parte Jimmy CARLISLE.**

**6 Div. 117.**

Court of Criminal Appeals of Alabama.

Nov. 20, 1975.

McDonald & Brown, Birmingham, for petitioner.

Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

This is a petition for bail. Honorable Charles M. Nice, Judge of the Tenth Judicial Circuit, Birmingham Division, has previously conducted a hearing on habeas corpus. He denied bail, announcing at the end of the hearing:

"THE COURT: Well, in view of the Grand Jury notes, and in view of the three felonies of rape and two robberies, and in view of the past record, no bond."

*Ex parte Bynum*, 294 Ala. 78, 312 So.2d 52, is probably the latest decision on the right to bail before conviction, as guaranteed by our constitution, § 16. The test, basically, is whether the defendant would probably be punished by electrocution, if the State could use the electric chair.

We have no preventive detention statute. Nor has our legislature adopted any pretrial release other than to require monetary considerations to ensure attendance at trial.

Here we have three capital felonies: rape and two robberies. We are cognizant that the defendant is wrapped in a cloak of innocence, but this is not a cape to hoodwink a judge.

In the hearing below the court correctly allowed in evidence matters of other charged offenses—particularly a second robbery allegedly committed after release on bond. Moreover, in addition to the above alleged robberies after the averred rape, Carlisle had recently been released from serving several second degree burglary sentences. In sum, he is a persistent offender with a propensity to use violence. Judge Nice properly considered him a menace to society.

The constitution prohibits *excessive* bail. Here "no bond" can be expressed as an infinite monetary figure. In this case that is not excessive.

Our decision today is limited to a multiple offender.[1]

Petition denied.

TYSON and DeCARLO, JJ., concur.

HARRIS, J., and SIMMONS, Supernumerary Circuit Judge, dissent.

1. Pretrial Release (ABA Standards relating to the Administration of Criminal Justice) § 5.8 provides:

    5.8 Commission of serious crime while awaiting trial.

    Where it is shown that a competent court or grand jury has found probable cause to believe that a defendant has committed a serious crime while released pending adjudicating a prior charge, the court which initially released him should be authorized, after appropriate hearing, to review and revise the conditions of his release or to revoke his release where indicated. In cases in which release is revoked, the case should be tried as soon as possible.

    See also, *State v. Webb*, 132 Vt. 418, 320 A.2d 626.