326 So.2d 776

In re Jimmy CARLISLE

v.

STATE.

Ex parte Jimmy Carlisle.

SC 1586.

Supreme Court of Alabama.

Feb. 5, 1976.

Roger A. Brown, Birmingham, for petitioner.

None for the State.

ALMON, Justice.

Petition of Jimmy Carlisle for writ of certiorari to the Court of Criminal Appeals to review and revise judgment and decision of that Court in *Ex parte Carlisle,* 57 Ala. App. 216, 326 So.2d 775 (1975), is denied.

In denying the petition for writ of certiorari, this Court does not wish to be understood as approving or disapproving of all the language used or the statements of law made in the opinion of this case in the Court of Criminal Appeals. *In re Horsley v. Horsley,* 291 Ala. 782, 280 So.2d 155 (1973).

Writ denied.

MERRILL, BLOODWORTH, MADDOX, JONES, SHORES and EMBRY, JJ., concur.

FAULKNER, J., concurs specially.

HEFLIN, C. J., dissents.

FAULKNER, Justice (concurring specially).

The trial court denied bail to Jimmy Carlisle after hearing his petition for habeas corpus. The Court of Criminal Appeals affirmed. This court affirmed the appellate court without opinion. I concur specially by adding my thoughts on the issue before the trial court.

The trial court, after hearing the habeas corpus petition for bail, said this:

"Well in view of the Grand Jury notes, and in view of the three felonies of rape and two robberies, and in view of the past record, no bond."

Section 16 of the Constitution of 1901 provides:

"That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."

Three prerequisites are necessary to justify the denial of bail in capital cases: The evidence must be clear and strong, leading a well-guarded and dispassionate judgment to the conclusion (1) that the offense has been committed, (2) that the accused is the guilty agent, and (3) that he would probably be punished capitally if the law is administered. *Lee v. State,* 281 Ala. 631, 206 So.2d 875 (1968); *Trammell v. State,* 284 Ala. 31, 221 So.2d 390 (1969).

In *Ex Parte Bynum,* 294 Ala. 78, 312 So.2d 52 (1975) this court retained the classification of capital offenses even though the death penalty had been out-

lawed by *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). This court followed a majority of the State Supreme Courts' holding that offenses classified as capital before *Furman* are still capital, and bail can constitutionally be denied.

Here the trial court was on sound ground by denying bail to Carlisle. But, be that as it may, the trial judge must have had in the back of his mind that Carlisle was a recidivist and to grant him bail would be turning loose a menace to society.

The whole subject of bail needs a thorough examination by the legislature, the courts, and the people of this state. When I say "people", I mean the whole body politic. The people should not stand idly by, "cry havoc, and let slip the dogs of war." William Shakespeare, *Julius Caesar.* The *people* are the *government,* and until they act in an aggressive and forcefullike manner, the situation will get worse—not better. Recidivists commit 70% to 80% of all crimes. Granting bail to a recidivist permits him to continue to plague the public, to steal, burglarize, rob, rape, and murder. We have no "habitual criminal" statutes; we have no preventive detention statute, and our constitution permits bail as a matter of right in all cases except capital offenses, before conviction. Recidivism, being the core of our problem, is the subject that demands instant attention. Bail to a *recidivist* should be a discretionary matter with the trial judge, or committing magistrate, in felony cases, and should be eliminated entirely in capital cases.

HEFLIN, Chief Justice (dissenting):

I would grant the writ in keeping with the reasons expressed in my special concurrence in *Ex Parte Bynum,* 294 Ala. 78, 312 So.2d 52, 56 (1975).