844 So.2d 571 (2002)
Ex parte Tarus HALL.
(In re State of Alabama v. Tarus Hall).
1010573.
Supreme Court of Alabama.
September 6, 2002.
Barry E. Teague, Montgomery, for petitioner.
*572 William H. Pryor, Jr., atty. gen., and Melissa K. Atwood, asst. atty. gen., for respondent.

On Application for Rehearing
WOODALL, Justice.
The opinion of June 14, 2002, is withdrawn, and the following is substituted therefor.
Tarus Hall filed this petition for a writ of mandamus or, in the alternative, a writ of habeas corpus after the Montgomery Circuit Court, without a hearing, denied his request to be released on bail. We grant the petition in part and deny it in part.

I.
On September 5, 2001, Tarus Hall was arrested pursuant to a warrant charging him with murder, an offense made capital because the murder was committed during a robbery in the first degree. See § 13A-5-40(a)(2), Ala.Code 1975. After his arrest, Hall was placed in the Montgomery County detention facility.
On October 5, 2001, Hall filed a motion to be released on bail; in his motion he requested a hearing. The State filed no response to the motion. On October 18, 2001, without a hearing, the trial court denied the motion.
Hall filed a petition for a writ of habeas corpus in the Court of Criminal Appeals. In response to that petition, the State submitted voluminous evidentiary materials, none of which had been submitted to the trial court. The Court of Criminal Appeals denied Hall's petition, without an opinion, on December 7, 2001. Ex parte Hall (No. CR-01-0278), ___ So.2d ____ (Ala.Crim.App.2001)(table). Hall then filed his petition in this Court.
While this petition for writ of mandamus was under submission to this Court, a Montgomery County grand jury returned an eight-count indictment against Hall, including one count charging Hall with capital murder. Hall remains in the Montgomery County detention facility, and no bail hearing has been held.
The State has responded to Hall's petition, admitting that "the [trial] court denied bail apparently without conducting a hearing." However, relying upon the evidentiary materials first submitted to the Court of Criminal Appeals, the State argues that Hall is not entitled to bail, because "the proof is evident" that Hall is guilty of capital murder.
In his petition, Hall has requested that this Court determine a reasonable bail for him or, in the alternative, that this Court direct the trial court to schedule a "hearing and thereafter set bail for [him] forthwith." In response, the State argues that "if this Court determines that [Hall] might be entitled to bail ... this Court [should] direct the [trial] court to conduct a bail hearing where the facts can be further developed, a bail amount can be set, and restrictions on bail can be imposed."

II.
Hall contends that he is entitled to reasonable bail because, he says, the evidence against him is weak. The issue raised by such a contention was discussed thoroughly by the Court of Criminal Appeals in Ex parte Landers, 690 So.2d 537, 538 (Ala.Crim.App.1997):
"The petitioner contends that he is entitled to reasonable bail because, he says, the evidence against him is weak.
"According to Article I, § 16, Alabama Constitution of 1901, a person charged with an offense defined as capital by statute may be denied bail.
"`That all persons shall, before conviction, be bailable by sufficient sureties, *573 except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall [not] in any case be required.'
"(Emphasis added.) See also Ex parte Bynum, 294 Ala. 78, 312 So.2d 52 (1975); Ex parte Carlisle, 57 Ala.App. 216, 326 So.2d 775, cert. denied, 295 Ala. 396, 326 So.2d 776 (1976); Sprinkle v. State, 368 So.2d 554 (Ala.Cr.App.1978), cert. quashed, 368 So.2d 565 (Ala.1979).
"In Burks v. State, 600 So.2d 374 (Ala. Cr.App.), on return to remand, 600 So.2d 387 (Ala.Cr.App.1991), this court addressed the issue whether a person accused of a capital offense is entitled to bail when he alleges that the proof was not evident. This court in Burks stated:
"`The appellant argues that he was entitled to reasonable bond because the proof was not evident nor the presumption great that he was guilty of the capital offense. See Ex parte Bynum, 294 Ala. 78, 82, 312 So.2d 52, 55 (1975). However, "`[w]here one is imprisoned [for a capital offense] by virtue of an indictment he is presumed to be guilty in the highest degree, and to be entitled to bail as of right, must overcome this presumption by proof.'" Livingston v. State, 40 Ala. App. 376, 377, 116 So.2d 396, 397 (1959).'
"600 So.2d at 381.
"This court in Burks based its ruling on the Court of Appeals' holding in Livingston v. State, 40 Ala.App. 376, 116 So.2d 396 (1959), where the court, ruling on the correctness of the trial court's actions in denying bail in a first degree murder case, stated the following:
"`The question with which we are presented is whether or not in this state of the record we would be justified in disturbing the judgment of the lower court who saw and heard the witnesses testify and whose conclusion must be accorded a presumption of correctness.
"`Further, an additional presumption arises from the indictment. "Where one is imprisoned by virtue of an indictment he is presumed to be guilty in the highest degree, and to be entitled to bail as of right, must overcome this presumption by proof. Rogers v. State, 30 Ala.App. 226, 4 So.2d 266 [(1941)]; Deaver v. State, 24 Ala.App. 377, 135 So. 604 [(1931) ]." Holmes v. State, 39 Ala. App. 422, 102 So.2d 673 [ (1958) ].'
"40 Ala.App. at 377, 116 So.2d at 397."
It is well established that a person accused by indictment of a capital offense must overcome the presumption of his guilt by proof, in order to be entitled to bail. By denying, without a hearing, Hall's motion to be released on bail, the trial court denied him the opportunity to offer the proof necessary to overcome that presumption. See State ex rel. Smith v. Lowe, 204 Ala. 288, 289, 85 So. 707, 708 (1920)(when "the prisoner is indicted for a capital felony, ... the right to bail ... is to be determined on habeas corpus, on the hearing of which the state and the accused are entitled as of right to have the witnesses heard").
Although the trial court did not conduct a hearing, the State has attempted to cure that procedural deficiency by submitting evidentiary materials, first to the Court of Criminal Appeals and then to this Court. However, a proper record must be developed in the trial court, before such evidence can be considered by an appellate court. See Holman v. Williams, 256 Ala. 157, 53 So.2d 751 (1951). See also § 15-13-3(a), Ala.Code 1975 ("A defendant cannot be admitted to bail when he is charged with an offense which may be punished by *574 death if the [trial] court is of the opinion, on the evidence adduced, that he is guilty of the offense in the degree punishable capitally ....") (emphasis added).

III.
For the foregoing reasons, Hall is entitled to a hearing on his motion to set bail. Therefore, we grant the petition to the extent that we direct the trial court to set aside its order of October 18, 2001, and to schedule a bail hearing. All other relief sought by Hall in his petition is denied.
OPINION OF JUNE 14, 2002, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
MOORE, C.J., concurs in part and dissents in part.
MOORE, Chief Justice (concurring in part and dissenting in part).
I concur with the majority's judgment insofar as it denies some of the relief sought by Tarus Hall. However, I respectfully dissent from the majority's decision to issue a writ of mandamus to "direct the trial court to set aside its order of October 18, 2001, and to schedule a bail hearing." 844 So.2d at 574.
I believe the majority's opinion in this case purports to extend to Tarus Hall a right to a bail hearing that is not given him in the Alabama Constitution. Article I, § 16, Ala. Const. of 1901, provides, in pertinent part, that "all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great." (Emphasis added.) The constitutional provision makes no mention of a bail hearing, or the right to such a hearing. Thus, the text of the applicable constitutional provision does not support the majority opinion.
The majority opinion begins its analysis with the correct premise that "a person accused by indictment of a capital offense must overcome the presumption of his guilt by proof, in order to be entitled to bail." 844 So.2d at 573. The majority errs, however, in concluding that the trial court's denial of a bail hearing "denied [Hall] the opportunity to offer the proof necessary to overcome that presumption." 844 So.2d at 573. The majority errs in so concluding because, like all capital defendants seeking to be released on bail, Hall could have "overcome the presumption of his guilt" by proof in his motion to set bond. The trial court, however, did not consider a bail hearing to be necessary and, based on the district attorney's evidence and Hall's attempts to rebut that evidence in his motion, it denied Hall's request for bail.
The majority's new judicially mandated requirement that a bail hearing be conducted in all capital cases is both extraconstitutional and unnecessary.