On Application for Rehearing

PER CURIAM.
The opinion of August 23, 2002, is withdrawn, and the following is substituted therefor.
The petitioner, Antaun Hails, filed this petition for a writ of mandamus directing Judge Eugene W. Reese to hold a bail hearing or to dismiss the charges against him. Hails was arrested in February 2002 and was charged with capital murder. No bond was set in the district court and the matter was bound over to the Montgomery County grand jury. In May 2002, Hails filed a motion in the Montgomery County Circuit Court to set bail. No hearing was held on the motion. In June 2002, Hails filed a motion to dismiss, arguing that the arrest warrant was void. After a hearing, the circuit court denied the motion. This petition followed.
Hails argues that according to Art. I, § 16, Ala. Const.1901, he is constitutionally entitled to a bail hearing, at which time he can present testimony to show that the charges against him are weak. This section states:
“That all persons shall, before conviction, be bailable, by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required.”
Hails asserts, “A judicial officer must hear the evidence, and make a decision on whether the proof is evident and the presumption great.” (Hails’s brief to this *403 Court, p. 7.) Hails argues that the evidence against him was not great and that therefore he was entitled to bail. Hails argues in the alternative that the charges against him should be dismissed because the arrest warrant was invalid.
We allowed the respondents an opportunity to answer the allegations in the petition. The State responded that we should deny relief because Hails has another remedy — he can file a petition for a writ of habeas corpus. However, according to the Supreme Court’s holding in Ex parte Deramus, [Ms. 1010923, June 7, 2002] — So.2d- (Ala.2002), we have considered Hails’s petition according to its contents and not its title. We have considered the petition as an original petition for a writ of habeas corpus and not as a petition for a writ of mandamus.
Hails states in his petition that Judge Eugene Reese did not allow any sworn testimony at the hearing on the motion to dismiss. This statement is not refuted in the State’s response to this petition. It appears that Hails was not allowed the opportunity to present any evidence in support of his motion to set bail. The following occurred:
“[Prosecutor]: Judge, the case agent in this ease is Detective Stan Wilson. I have him on call. I have been in contact with him via settlement this morning, and he is available to come over if you wish to speak with him.
“The Court: Well, you better have him come by, because I do want to know what the facts and circumstances are regarding this case. Track him down. Be back here in just a minute.
“(Recess.)
“[Prosecutor]: This is Detective Stan Wilson, [Montgomery Police Department].
“The Court: We were talking about a bond in this matter. The DA didn’t have any information in [its] file about this case. I told them I needed to hear something about it, so can you share with me some of the details of this offense, please?
“Detective Wilson: February 8, 2000, the victim Mr. Grant, was inside his residence. The defendant, along with another codefendant, had been to the house several time that morning wanting to purchase marijuana. On the third time they came back, both subjects was armed with handguns, at which time they went off into the residence shooting. Mr. Grant received a fatal wound resulting in his death. Another inside the residence, I think Mr. Little, was also shot. He managed to escape out of the back door to go get help. But he identified both defendants as the ones that had previously came there earlier and the ones that came down and did the shootings.”
(R. 9.) The above quote appears to be the extent of the evidence presented at the hearing on Hails’s request for bail. It appears that the main purpose of the hearing was to consider Hails’s motion to dismiss the charges against him.
Recently, the Alabama Supreme Court in Ex parte Hall, 844 So.2d 571 (Ala.2002), addressed this same argument. The Hall court stated:
“It is well established that a person accused of a capital offense must overcome the presumption of his guilt by proof, in order to be entitled to bail. By denying, without a hearing, Hall’s motion to be released on bail, the trial court denied him the opportunity to offer the proof necessary to overcome that presumption.”
844 So.2d at 573 (emphasis in original). The Alabama Supreme Court remanded *404 the case for the lower court to hold a bail hearing to allow the defendant the opportunity to present evidence in support of his release.
In compliance with the Supreme Court’s opinion in Hall, this case is remanded to the Circuit Court for Montgomery County for that court to hold a bail hearing at which time Hails is given the opportunity to present evidence in support of his release. All other relief requested in this petition is denied.
APPLICATION OVERRULED; OPINION OF AUGUST 23, 2002, WITHDRAWN; OPINION SUBSTITUTED; PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.