On Application for Rehearing

PER CURIAM.
The opinion of August 30, 2002, is withdrawn, and the following is substituted therefor.
*1025 The petitioner, Robin Bartlett, filed this petition for a writ of mandamus directing Judge Don Hardeman to set the minimum bail recommended by the bail schedule.[1] Bartlett was arrested in October 2001 and was charged with possession of a controlled substance and possession of drug paraphernalia. He was released on a $6,500 property bond. On April 3, 2002, while on bail for the October 2001 charges, Bartlett was again arrested on charges of possession of a controlled substance, possession of marijuana in the second degree, possession of drug paraphernalia, and illegal possession of a pistol. On April 9, 2002, the district attorney filed a motion to revoke bail on the October charges. On April 26, 2002, the district court granted the State’s motion. No bail revocation hearing was held. In June 24, 2002, Bartlett filed a petition for a writ of habeas corpus directing Judge Hardeman to set bail at the minimum recommended in the bail schedule because the district court failed to hold a bail revocation hearing. After a hearing Judge Hardeman denied habeas corpus relief. This petition followed.
Bartlett argues that his bail was unlawfully revoked because the trial court failed to hold a revocation hearing within 72 hours of the State’s moving to revoke bail; therefore, he argues, he is entitled to be released on the minimum bail recommended in the bail schedule. He cites Rule 4.3, Ala.R.Crim.P.,[2] and Rule 7.5, Ala. R.Crim.P., in support of this contention.
The State argues that this petition for a writ of mandamus should be denied because Bartlett has another remedy — he can file a habeas corpus petition. However, we have considered Hails’s petition according to its contents and have treated the petition as a petition for a writ of habeas corpus. See Ex parte Deramus, [Ms. 1010923, June 7, 2002] — So.2d (Ala.2002)].
Rule 7.5, Ala.R.Crim.P., states that a hearing should be held within 72 hours after the arrest of the defendant for a material breach of the terms of a defendant’s release. Rule 7.5(b) specifically addresses those situations where a defendant, while on bail for one offense, is arrested and charged with a new offense. This rule states, in part:
“If a ground alleged for revocation of the release is that the defendant released has violated the condition under Rule 7.3(a)(2) by committing a criminal offense, or that there was a misrepresentation or omission concerning other charges pending against the defendant released, the court may modify the conditions of release or revoke the release, if the court finds that there is probable cause (or if there has already been a finding of probable cause) to believe that the defendant released committed the other offense or offenses charged.”
(Emphasis added.)
It is uncontested that Bartlett was not afforded a hearing within 72 hours of the *1026 State's motion to revoke bail and that he was entitled to that hearing according to Rule 7.5, Ala.R.Crim.P. While we do not condone violating Rule 7.5, Ala.R.Crim.P., we do not believe, as Bartlett argues, that a violation of this rule mandates that a bail violator be released at the minimum recommended bail. There is no provision in Rule 7.5, Ala.R.Crim.P., corresponding to the provision in Rule 4.3, Ala.R.Crim.P., that states that a bail violator is entitled to be released on the minimum bail if a trial court fails to hold a timely bail revocation hearing. Had the drafters of this provision intended this result they would have-specifically stated so in Rule 7.5, Ala. R.Crim.P, as they did in Rule 4.3, Ala. R.Crim.P.
We have stated that an accused forfeits his constitutional right to pretrial bail when he commits another offense while on bail. See Ex parte Fleming, 814 So.2d 302 (Ala.Crim.App.2001). Rule 7.5, Ala. R.Crim.P., states that a trial court may either modify the conditions of release or revoke release once probable cause has been found to believe that the accused has committed a new offense while on bail. The exhibits attached to this petition show that the new charges have progressed to the discovery stage. It appears that there has been a finding of probable cause.
Moreover, this is not a case where there was no habeas corpus hearing in a lower court as was the situation in Ex parte Hall, 844 So.2d 571 (Ala.2002). In Hall, the accused was arrested for a capital offense, bad was denied, and Hall filed a habeas corpus petition in the circuit court. The circuit court denied habeas relief without holding a hearing. The Alabama Supreme Court, remanding the case for a bail hearing, stated:
“It is well established that a person accused of a capital offense must overcome the presumption of his guilt by proof, in order to be entitled to bail. By denying, without a hearing, Hall’s motion to be released on bail, the trial court denied him the opportunity to offer the proof necessary to overcome that presumption.”
844 So.2d at 573. (Emphasis added.) The relief granted in Hall was to remand the case for a bail hearing and not to release the defendant or order that a certain bail be set.
Here, the circuit court held a hearing on Bartlett’s habeas corpus petition. One of the issues presented in his petition was that the district court failed to hold a bail revocation hearing. Bartlett had the opportunity to present evidence to support his release from custody. The hearing in circuit court cured the lower court’s failure to hold a bail revocation hearing. See Hall, supra.
Though we decline to issue the writ in this case, we strongly encourage the district and circuit courts to comply with the bail revocation provisions contained in Rule 7.5, Ala.R.Crim.P.
For the reasons stated above, this petition is due to be, and is hereby, denied.
APPLICATION OVERRULED; OPIN-NION OF AUGUST 30, 2002, WITHDRAWN; OPINION SUBSTITUTED; PETITION DENIED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, 33., concur.

. The bail schedule is contained in Rule 7.2, Ala.R.Crim.P.

. Rule 4.3(b)(3), Ala.R.Crim.P., states:
"If the person arrested cannot meet the conditions of release and has not been taken before a judge or magistrate in the case of a warrant issued on a complaint, or has not been taken before the circuit court in the case of a warrant issued on an indictment, without undue delay, except in either case in no event later than seventy-two (72) hours after arrest, unless the charge upon which the person was arrested is not a bailable offense, such person shall be released upon execution of an appearance bond in the minimum amount required by the schedule set forth in Rule 7 and directed to appear for arraignment either at a specified time and place or at such time and place as he or she shall be subsequently notified of.”