(135 So. 604)

## DEAVER v. STATE.

### 6 Div. 98.

Court of Appeals of Alabama.

June 23, 1931.

P. A. Nash, of Oneonta, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

Upon a petition addressed to the probate judge of Blount county alleging that petitioner was illegally restrained of his liberty by George McPherson, sheriff of said county, a writ was issued by said judge directed to the sheriff aforesaid, commanding him to have the body of petitioner before him at a fixed time, together with the cause of his detention, etc. The Sheriff responded to the writ by producing the petitioner as commanded, and answered that he was holding the petitioner on a charge of murder in the first degree, under a mittimus or warrant issued by J. C. Nation, judge of probate, and also under an indictment by the grand jury of Blount county.

[■] Having the petitioner before him it was the duty of the judge, under section 4326 of the Code of 1923, in a summary way, to examine into the evidence adduced and to make such disposition of the prisoner as the justice of the case requires. The writ of habeas corpus is one of the strong arms of our government to be used by those who are illegally restrained of their liberty. It cannot be bound down by the thongs of technical pleading, or its swift and effective relief hindered by captious objection or "fine spun" theories of procedure. State v. Thurman, 17 Ala. App. 656, 88 So. 61.

It became important upon this hearing to ascertain whether the defendant was being held upon a valid indictment. If the indictment was valid, the solicitor might rest upon it, and, in the absence of further evidence, the court would presume the crime to be in the highest degree charged in the indictment, and bail would be denied. State v. Lowe, 204 Ala. 288, 85 So. 707. It is contended, on the other hand, that, if it should be made to appear by the evidence that no witnesses appeared before the grand jury, and that the grand jury returned the indictment without any evidence, the indictment would be void, and the state would be forced to rely on the mittimus issued by the judge of probate, in which event the state would be forced to develop its case beyond the introduction of process. If the indictment was in fact returned without evidence before the grand jury, this fact may be tested on the trial by motion to quash. Perkins v. State, 66 Ala. 457; Walker v. State, 17 Ala. App. 555, 86 So. 257. But the indictment offered in evidence by the state appears on its face to be in all things regular, and cannot in a collateral proceeding be attacked, as is here attempted. Benson v. State, 124 Ala. 92, 27 So. 1; Kirby v. State, 62 Ala. 51.

For the reason that this case must be tried before a jury, we do not discuss the evidence further than to say that, with the presumption in favor of the indictment and of the findings

of the trial judge, we find no legal reason to disturb his finding. The order denying bail is affirmed.

Affirmed.