102 So.2d 673

### J. C. HOLMES

v.

### STATE.

4 Div. 378.

Court of Appeals of Alabama.

April 29, 1958.

Roderick Beddow, Birmingham, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This is an appeal from an order of the Hon. T. Werth Thagard, Judge of the Second Judicial Circuit, denying appellant's petition for bail in a habeas corpus proceedings.

In the proceedings below the State offered in evidence the indictment against the petitioner, and rested.

The indictment is in four counts and charges appellant with murder in the first degree, the means of the killing, being alleged in the respective counts as by hitting with his fist, or with a blunt instrument, or by kicking with his foot, or feet.

The evidence presented below by the appellant was directed chiefly toward showing that the appellant was drunk when relatives and neighbors arrived at his home after the death of appellant's wife. How long the deceased had been dead is not clearly shown by the evidence.

These witnesses testified to the effect that the deceased was lying on the floor of the kitchen, between a table and a heater. Her left cheek was bruised and swollen, and her eye was almost swollen closed. There was some bleeding from her mouth, as though her lips had been cut.

No marks were observed on appellant's face or hands.

The appellant did not testify.

Where one is imprisoned by virtue of an indictment he is presumed to be guilty in the highest degree, and to be entitled to bail as of right, must overcome this presumption by proof. Rogers v. State, 30 Ala.App. 226, 4 So.2d 266; Deaver v. State, 24 Ala.App. 377, 135 So. 604.

In view of the presumption created by the indictment, and the further presumption to be accorded the conclusion of the trial judge who saw and heard the witnesses, we are unwilling to disturb his action in the premises.

Affirmed.