116 So.2d 396

John W. LIVINGSTON

v.

STATE of Alabama.

7 Div. 596.

Court of Appeals of Alabama.

June 23, 1959.

Rehearing Denied July 21, 1959.

Pilcher & Floyd and Rowan S. Bone, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

 

PER CURIAM.

This is an appeal from a judgment and decree of Honorable A. B. Cunningham, Judge of the Circuit Court of Etowah County, Alabama, denying appellant's bail in a habeas corpus proceeding.

In the proceedings below the State introduced the indictment against this appellant charging him with murder in the first degree.

Petitioner then introduced two witnesses who testified as to a dying declaration made by the deceased which would tend to exonerate the petitioner.

In rebuttal to the evidence offered by the petitioner, the State introduced Mr. C. E. Brooks, State Investigator, who testified as to a dying declaration made by the deceased to him, the tendency of such evidence being to establish the State's case.

The State also introduced as a witness Mr. John Williams, another State Investigator, whose testimony tended to contradict the evidence offered by one of the petitioner's witnesses.

The question with which we are presented is whether or not in this state of the record we would be justified in disturbing the judgment of the lower court who saw and heard the witnesses testify and whose conclusion must be accorded a presumption of correctness.

Further, an additional presumption arises from the indictment. "Where one is imprisoned by virtue of an indictment he is presumed to be guilty in the highest degree, and to be entitled to bail as of right, must overcome this presumption by proof. Rogers v. State, 30 Ala.App. 226, 4 So.2d 266; Deaver v. State, 24 Ala.App. 377, 135 So. 604." Holmes v. State, 39 Ala.App. 422, 102 So.2d 673.

This court sitting en banc has carefully considered the evidence presented below and in view of the contradictory state of the evidence and the presumption arising from the indictment, and the conclusion of the trial judge, we have concluded that we must enter an order of affirmance.

Affirmed.