FAIR *v.* MAXWELL, WARDEN.

(No 39322—Decided May 12, 1965.)

*Mr. Richard R. Fair, in propria persona.*
*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* In this action, petitioner alleges that he was not served with a copy of the indictment, that he was not afforded the assistance of counsel when he pleaded guilty in 1950, and that he did not waive a trial by jury.

Failure to file a waiver of jury trial does not deprive an accused of any constitutional rights if he has pleaded guilty to the indictment. *Rodriguez* v. *Sacks, Warden,* 173 Ohio St. 456.

Petitioner's other contentions are refuted by the record. A journal entry prepared specifically for petitioner's case reads in part as follows:

"Whereupon the defendant stated in open court that he desired to waive his right to possession of a copy of the indictment for a period of 24 hours prior to arraignment thereon, and his right to have the indictment read to him. Upon being

asked if he desired counsel to represent him the defendant stated that he did not and entered his plea of 'guilty,' as charged in the indictment.''

In view of such record, it can only be concluded that petitioner's constitutional rights were fully explained to him, and that he waived service of the indictment and counsel.

Petitioner urges that he did not intelligently waive such rights. However, when such waiver is considered in relation to the facts that petitioner was 20 years old at the time, and that he had an extensive juvenile record and three prior incarcerations in the Boys Industrial School, it would appear that petitioner was completely cognizant of what he was doing. *Madison* v. *Maxwell, Warden,* 177 Ohio St. 84, and *McQueen* v. *Maxwell, Warden,* 177 Ohio St. 30.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.