HALLECK, APPELLEE, *v.* KOLOSKI, SUPT., OHIO STATE
REFORMATORY, APPELLANT.

(No. 39596—Decided December 15, 1965.)

*Mr. Carl Edward Halleck, in propria persona.*
*Mr. William B. Saxbe,* attorney general, and *Mr. Leo J. Conway,* for appellant.

*Per Curiam.* In an action in habeas corpus, the burden of proof is upon the petitioner to establish his right to release. *Yarbrough* v. *Maxwell, Warden,* 174 Ohio St. 287.

The only evidence before the Court of Appeals to support his contention was the uncorroborated statement of the appellee that the court had failed to inform him of his right to counsel. On the other hand, the journal entry recited that petitioner had been informed of his rights and waived them, and the trial judge, in an affidavit, stated that it was the rule and undeviating practice in that court to explain an accused's rights to him.

In the instant case, the court was not confronted with a

78

silent record which would warrant a court, in the absence of evidence to the contrary, to conclude that a prisoner was entitled to release on the petitioner's uncorroborated statement that the court failed to inform him of his right to counsel. Here the court's journal supported by the affidavit of the trial judge, completeley refuted such contention.

In view of the court's decision in *Fair* v. *Maxwell, Warden,* 2 Ohio St. 2d 151, and *Madison* v. *Maxwell, Warden,* 177 Ohio St. 84, it would appear that appellee failed to sustain the burden of proof.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.