190 So.2d 722

Jon Bart **MULLER**

v.

Ray D. **BRIDGES, Sheriff of Mobile County.**

**1 Div. 396.**

Supreme Court of Alabama.

Sept. 29, 1966.

Barry Hess and Dominick J. Matranga, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

This is an appeal by Jon Bart Muller from a decision of the Circuit Court of Mobile County, Alabama, denying bail in a habeas corpus proceeding.

Jon Bart Muller was arrested in the City of Mobile on affidavits and warrants on three felony charges. One affidavit charged the offense of rape; the other two affidavits charged two separate offenses of carnal knowledge of two separate individuals against the order of nature.

At a preliminary hearing before the City Recorder, he ordered the defendant held to await the action of the Grand Jury of Mobile County, Alabama. He denied bail on the rape charge and set a bond of $5,000 in each of the charges of the commission of a crime against nature.

This petition was then filed in the Circuit Court of Mobile County for a writ of habeas corpus. The writ of habeas corpus was issued to the Sheriff of Mobile County commanding him to produce the body of the petitioner on a date certain. The Sheriff of Mobile County produced the prisoner as directed by the writ of habeas corpus.

At the hearing of the habeas corpus proceedings before Honorable Dan T. McCall, Jr., Judge of the Circuit Court of Mobile County, Alabama, admittance to bail under the rape charge was denied. No action was taken on the other two charges.

This appeal followed and was submitted here on briefs and under Rule 47.

The City of Mobile is in Mobile County, Alabama. At the hearing, the state introduced the three affidavits, the warrants of arrest, and the mittimuses under which the Sheriff of Mobile County was holding Jon Bart Muller, and rested. The petitioner also rested.

The petitioner was later allowed to reopen the case and given the opportunity to present evidence.

The only witnesses petitioner produced were a Deputy Sheriff of Mobile County and the Chief Deputy Assistant District Attorney of Mobile County. Neither of these witnesses testified to any facts which are sufficient to put the trial court in error for refusing bail.

The state has filed a motion to dismiss the appeal. Other procedural matters are argued in brief of petitioner, but we lay to one side the motion of the state and the procedural matters for the simple reason that there is no merit in this appeal.

In a habeas corpus proceedings, the state makes a prima facie case by showing by what authority it holds the prisoner. The burden of proceeding then shifts to the prisoner to introduce facts which would justify the granting of bail.

Section 16 of the Constitution of Alabama 1901 provides:

"That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; * * *"

Section 195, Title 15, Code of Alabama 1940, erects an additional, though somewhat vague, guidepost for the judge in

considering the matter of allowance or disallowance of bail, in directing that "A defendant cannot be admitted to bail when he is charged with an offense which may be punished by death, if the court or magistrate is of the opinion, on the evidence adduced, that he is guilty of the offense [charged] in the degree punishable capitally * * *." Colvin v. State, 36 Ala.App. 104, 53 So.2d 99.

The state having made out a prima facie case and the defendant having offered no evidence on the material issue involved, the judgment of the lower court denying petitioner bail in the case in which he is charged with rape must be, and is, affirmed. It is immaterial at this time as to whether or not the other charges are bailable or that the bonds are excessive.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.