255 So.2d 57

**Thomas PRICE**

v.

**Ray D. BRIDGES, Sheriff.**

**I Div. 236.**

Court of Criminal Appeals of Alabama.

Jan. 11, 1972.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for appellee.

**388**

ALMON, Judge.

Appellant was denied bail in a habeas corpus proceeding while under indictment for murder in the first degree. From that judgment he appeals to this Court.

At the habeas corpus proceeding the State introduced the indictment by the Grand Jury and the arrest warrant. The State rested. Petitioner then took the stand in his own behalf. His testimony was only of a general nature. He testified to his residence, to lack of conviction of any crime, where he was employed, and as to the last time he had heard from the victim. The State then briefly cross-examined the petitioner. Finally, petitioner's attorney testified he had been unable to determine what witnesses appeared before the Grand Jury or any other witness who might be material to the case. However, no proof was made that the State had been asked for the names of such witnesses. The hearing then closed with a denial of bail.

Art. 1, § 16, Constitution of Alabama of 1901 states, "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."

The case of Muller v. Bridges, 280 Ala. 169, 190 So.2d 722, seems dispositive of the issue. In that decision the Alabama Supreme Court held the State makes a prima facie case in a habeas corpus proceeding by showing what authority it holds the prisoner. The burden of going forward then shifts to the petitioner to introduce facts which would justify the granting of bail. This Court has a case in accord with Muller, Holmes v. State, 39 Ala.App. 422,

102 So.2d 673. In *Holmes* the State introduced the indictment and rested. The petitioner then put on his evidence. Bail was denied. In affirming the denial of bail this Court said there is a presumption created by an indictment that one is guilty in the highest degree and to be entitled to bail one must overcome the presumption. See also Rogers v. State, 30 Ala.App. 226, 4 So.2d 266; Deaver v. State, 24 Ala.App. 377, 135 So. 604.

Since appellant failed to overcome this presumption the judgment of the trial court in denying bail is due to be affirmed.

Affirmed.