The petitioner, Mark Samuel Landers, filed this petition for a writ of habeas corpus against the Honorable John B. Bush, after Judge Bush denied his request to be released on bail. The petitioner was charged with murder, an offense made capital because the murder was done for pecuniary gain, see §13A-5-40(a)(7), Code of Alabama 1975. The petitioner was indicted for the 1992 murder *Page 538 
of Robert R. Landers, Sr., his father. Mr. Landers was killed when he was run over with a bulldozer.
The petitioner contends that he is entitled to reasonable bail because, he says, the evidence against him is weak.
According to Article I, § 16, Alabama Constitution of 1901, a person charged with an offense defined as capital by statute may be denied bail.
 "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall in any case be required."
(Emphasis added.) See also Ex parte Bynum, 294 Ala. 78,312 So.2d 52 (1975); Ex parte Carlisle, 57 Ala. App. 216,326 So.2d 775, cert. denied, 295 Ala. 396, 326 So.2d 776 (1976); Sprinklev. State, 368 So.2d 554 (Ala.Cr.App. 1978), cert. quashed,368 So.2d 565 (Ala. 1979).
In Burks v. State, 600 So.2d 374 (Ala.Cr.App.), on return to remand, 600 So.2d 387 (Ala.Cr.App. 1991), this court addressed the issue whether a person accused of a capital offense is entitled to bail when he alleges that the proof was not evident. This court in Burks stated:
 "The appellant argues that he was entitled to reasonable bond because the proof was not evident nor the presumption great that he was guilty of the capital offense. See Ex parte Bynum, 294 Ala. 78, 82, 312 So.2d 52, 55 (1975). However, ' "[w]here one is imprisoned [for a capital offense] by virtue of an indictment he is presumed to be guilty in the highest degree, and to be entitled to bail as of right, must overcome this presumption by proof." ' Livingston v. State, 40 Ala. App. 376, 377, 116 So.2d 396, 397 (1959)."
600 So.2d at 381.
This court in Burks based its ruling on the Court of Appeals' holding in Livingston v. State, 40 Ala. App. 376, 116 So.2d 396
(1959), where the court, ruling on the correctness of the trial court's actions in denying bail in a first degree murder case, stated the following:
 "The question with which we are presented is whether or not in this state of the record we would be justified in disturbing the judgment of the lower court who saw and heard the witnesses testify and whose conclusion must be accorded a presumption of correctness.
 "Further, an additional presumption arises from the indictment. 'Where one is imprisoned by virtue of an indictment he is presumed to be guilty in the highest degree, and to be entitled to bail as of right, must overcome this presumption by proof. Rogers v. State, 30 Ala. App. 226, 4 So.2d 266; Deaver v. State, 24 Ala. App. 377, 135 So. 604.' Holmes v. State, 39 Ala. App. 422, 102 So.2d 673."
40 Ala. App. at 377, 116 So.2d at 397.
At the hearing on the petitioner's motion requesting that a reasonable bail be set, the petitioner's sister testified that the petitioner was involved in procuring the execution of a "fraudulent will" of his father. There was also testimony that the petitioner was engaged in fraudulent insurance schemes and that before his father's death he had obtained a $1,000,000 insurance policy on his father's life, approximately $850,000 of which he ultimately collected. There was also testimony that the petitioner was the last one to see his father and that he discovered his father's body. There was also evidence that the petitioner's grandmother had died in 1991 as a result of an accident and that he had received approximately $750,000 as a result of her death. The petitioner offered no evidence at the hearing. The trial judge, in a very thorough order, denied the petitioner's request for bail, noting that the petitioner, with the great amount of money he had received from his father's and grandmother's deaths, presented a great risk of flight.
The petitioner argues in his reply to the state's response to the petition that bail should be granted because in 1992 the United States District Court for the Middle District of Alabama, Northern Division, determined that there was "no evidence to establish a genuine issue of fact that Mark Landers murdered the insured." The federal action was filed by Mutual Life Insurance Company of New York to determine *Page 539 
who was entitled to the insurance proceeds of the life insurance policy on the petitioner's father. As a result of this action, the petitioner received approximately $850,000 in insurance proceeds, as a result of his father's death.
The federal action occurred before the petitioner was indicted for capital murder. As the Court of Appeals first noted in Holmes v. State, 39 Ala. App. 422, 422, 102 So.2d 673,673 (1958): "In view of the presumption created by the indictment, and the further presumption to be accorded the conclusion of the trial judge who saw and heard the witnesses, we are unwilling to disturb his action in the premises."
According to longstanding precedent, see Burks, Livingston, and Holmes, this petition for a writ of habeas corpus is due to be denied.
PETITION DENIED.
All the Judges concur.