[Cite as *Smith v. Buchanan*, 2014-Ohio-359.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| WILLIAM E. SMITH | ) | CASE NO. 13 NO 407 |
| | ) | |
| PETITIONER | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| WARDEN TIMOTHY BUCHANAN | ) | |
| NOBLE CORRECTIONAL | ) | |
| INSTITUTION | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:           Petition for Writ of Habeas Corpus

JUDGMENT:                                             Dismissed.

APPEARANCES:

For Petitioner:                                          William E. Smith, Pro se
                                                                #273-391
                                                                Noble Correctional Institution
                                                                15708 McConnellsville Road
                                                                Caldwell, Ohio  43724


For Respondent:                                     Atty. Michael DeWine
                                                                Attorney General of Ohio
                                                                Atty. Marc S. Davis
                                                                Assistant Ohio Attorney General
                                                                Criminal Justice Section
                                                                150 East Gay Street, 16th Floor
                                                                Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                                                Dated:  January 27, 2014

PER CURIAM.

{¶1} Petitioner William E. Smith is an inmate at the Noble Correctional Institution in Noble County, Ohio. He has filed a petition for writ of habeas corpus against Respondent Timothy Buchanan, the warden at that institution. Respondent has filed a motion to dismiss the petition. Respondent's motion is hereby sustained and the petition is dismissed.

Background

{¶2} On January 7, 1993, Petitioner was indicted by the Richland County Grand Jury for one count of felonious assault in Common Pleas Case No. 92CR626. Petitioner entered a no contest plea on January 27, 1993. The trial court entered a finding of guilt and ordered a presentence investigation. The state agreed to recommend that Petitioner be placed on probation. Petitioner failed to appear for the presentence investigation and the trial court sentenced him to a term of incarceration for an indefinite period of five to fifteen years on April 7, 1993. *See State v. Smith*, 5th Dist. Nos. 94-CA-62, 94-CA-64, 1995 WL 557408 (Aug. 28, 1995). On January 4, 1994, the trial court granted Petitioner's motion for shock probation and released him from prison. After he violated the terms of his shock probation, his original sentence was reimposed in July of 1994. *State v. Smith*, 5th Dist. No. 02CA67, 2003-Ohio-5592. The petition indicates that Petitioner was paroled again, that he violated the terms of parole, and that he was recently ordered by the Ohio Adult Parole Authority to serve 42 more months of his prison term. On October 24, 2013, Petitioner filed this petition for writ of habeas corpus. Respondent filed a motion to

dismiss on December 6, 2013. Petitioner filed a motion in opposition to the motion to dismiss on December 20, 2013.

Analysis

**{¶3}** R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or postconviction relief. *In re Pianowski*, 7th Dist. No. 03MA16, 2003-Ohio-3881, ¶3, citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 635 N.E.2d 26 (1994). If a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed. *Tucker v. Collins*, 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992). The burden is on the petitioner to establish a right to release. *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963).

**{¶4}** Respondent has filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. The purpose of such a motion is to test the sufficiency of the complaint. *State el rel. Boggs v. Springfield Local School Dist. Bd. of Ed.*, 72 Ohio St.3d 94, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations

in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested.  *State ex rel. Pirman*, *supra*; *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶10.  If the petition does not meet the requirements of a properly filed petition for writ of habeas corpus, or fails to state a facially viable claim, it may be dismissed on motion by the respondent or *sua sponte* by the court.  *Flora v. State*, 7th Dist. No. 04 BE 51, 2005-Ohio-2382, ¶5.

{¶5}  As mentioned above, R.C. 2725.01, *et seq.*, governs habeas filings, and failure to satisfy these statutory requirements is generally fatal to the petition.  One of the requirements is that the petitioner must file all pertinent commitment papers relevant to the arguments being raised in the petition.  R.C. 2725.04(D).  The commitment papers are necessary for a complete understanding of the petition.  *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).  Failure to file the necessary commitment papers requires dismissal of the petition.  *Id.*  Petitioner's arguments are all based on his presumption that he has spent too much time in prison for a felonious assault conviction.  To even begin to examine such an argument, we would need evidence of the terms of his original sentence, and the results of all the subsequent parole violations and the corresponding commitment papers.  That information is not included in this petition.  For this reason, the petition must be dismissed.

{¶6}  When an inmate files a civil action or appeal against a government entity or employee, R.C. 2969.25(A) requires the petitioner to file an affidavit with the petition describing all civil actions and appeals he or she has filed in state or federal

court within the past five years. One of the reasons for this requirement is to enable the court to determine whether the current filing is malicious or vexatious. R.C. 2969.25(B). Compliance with R.C. 2969.25(A) is mandatory, and failure to satisfy the statutory requirements is grounds for dismissal. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259, 719 N.E.2d 544 (1999).

{¶7} In Petitioner's motion in opposition to the motion to dismiss, he states that he believes he filed the affidavit. It is not found in the record in this case. Petitioner recently filed a document that purports to explain why he, in fact, did not file the required affidavit. Belated attempts to file the affidavit or to correct noncompliance with R.C. 2969.25(A) do not prevent dismissal of the habeas petition. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶9. He also averred that he filed no civil actions or appeals in the last five years. Oddly, within the same document he refers to a case he recently filed in a federal district court in West Virginia, and in his petition he also refers to a habeas action he filed in 2013 in the Fifth District Court of Appeals, which has already been dismissed by that court. *State ex rel. Smith v. Richards*, 5th Dist. No. 13CA46, 2013-Ohio-4667. Petitioner obviously had cases he was required to declare in an affidavit of prior civil actions. His failure to include the affidavit as part of his petition for writ of habeas corpus is yet one more reason to dismiss the petition.

{¶8} R.C. 2969.22 requires state inmates to pay in advance the full filing fees in civil actions and appeals commenced in state court (other than the Court of Claims). In order to obtain a waiver of the requirement to prepay filing fees, the

inmate must comply with R.C. 2969.25(C) and file a fee waiver request affidavit, an inmate account statement that is certified by the institutional cashier, and an asset disclosure statement. The requirements of R.C. 2969.25(C) are mandatory. Failure to comply requires dismissal of the petition. *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 685 N.E.2d 1242 (1997). Furthermore, the documents must be part of the initial filing of the petition and cannot later be added or amended to the petition. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378, ¶1 ("subsequent filing of the statement [does] not cure the defect."). Petitioner has not paid the filing fee in full and has not properly requested a waiver of the filing fee. More specifically, he did not file a statement setting forth the balance in his inmate account for each of the preceding six months, certified by the institutional cashier. R.C. 2969.25(C)(1). This petition for writ of habeas corpus does not meet the requirements of R.C. 2969.25(C). For this third reason, the petition also must be dismissed.

**{¶9}** We cannot reach any of the substantive arguments in the petition due to the many procedural deficiencies cited above.

## Conclusion

**{¶10}** We hereby sustain Respondent's motion to dismiss the petition for writ of habeas corpus. Petitioner committed a number of procedural errors that mandate dismissal of the petition. He failed to file the pertinent commitment papers; failed to file an affidavit of prior civil actions; and failed to file his inmate account statement

with his affidavit of indigency. For all the aforementioned reasons, we dismiss the petition for habeas corpus.

{¶11} Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, J., concurs.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.