[Cite as *State ex rel. Sweeting v. Starr*, 2014-Ohio-5505.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. DEION SWEETING, | ) | |
| | ) | CASE NO.   14 NO 412 |
| RELATOR, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| KAREN STARR, CLERK OF COURTS, | ) | |
| et al., | ) | |
| | ) | |
| RESPONDENTS. | ) | |


CHARACTER OF PROCEEDINGS:      Relator's Petition for Writ of Mandamus;


JUDGMENT:      Petition for Writ of Mandamus Denied;
Respondents Granted Summary
Judgment.


APPEARANCES:
For Relator:      Deion Sweeting, *Pro se*
#667-557
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio  43724


For Respondents:      Attorney Kelly Riddle
Noble County Prosecuting Attorney
408 North Street
Caldwell, Ohio  43724


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


Dated:  December 8, 2014

PER CURIAM:

¶{1} On February 26, 2014, Relator Deion Sweeting filed a petition for a writ of mandamus against Respondents Karen Starr, Clerk of Courts of Noble County, and former Noble County Prosecutor Clifford Sickler. The petition alleged that Respondents did not comply with their respective duties in R.C. 2935.09 and R.C. 2935.10. In response, Respondent Starr filed an answer and motion to dismiss. 03/21/14 Answer and Motion to Dismiss. In June, we issued a judgment entry indicating that the writ could not be granted at that time due to lack of supporting evidence. We also stated that the motion to dismiss could not be granted and that the allegations in the motion to dismiss were more appropriate for a motion for summary judgment. We then ordered the parties to file motions for summary judgment. 06/2/14 J.E.

¶{2} On October 30, 2014, Respondent Starr filed a motion for summary judgment with supporting memorandum and affidavit. As of this date, Relator has not responded to the motion.

¶{3} Summary Judgment is governed by Civ.R. 56(C). That rule provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).

¶{4} In our previous order we explained that a writ of mandamus can be used to compel a clerk of courts to comply with R.C. 2935.09. *State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934, ¶ 11 ("[C]ourt of appeals did not err in holding that after the clerk accepts Boylen's affidavits for filing as required by R.C. 2935.09, subsequent proceedings will proceed pursuant to R.C. 2935.10. Accordingly, we affirm the judgment of the court of appeals."). In this instance, Relator alleged in the petition that Respondent Starr failed to comply with R.C. 2935.09(D). That section provides a formal mechanism by which a private citizen can seek to have criminal charges brought against someone. Pursuant to that section, the private citizen is to file with the clerk of a court of record an affidavit charging the offense

committed. The clerk is then required to forward the affidavit to a reviewing official to review.

**¶{5}** In the petition, Relator claims to have sent a document complying with R.C. 2935.09 to Respondent Starr in December 2013. A copy of that document was not attached to the complaint.

**¶{6}** In her motion for summary judgment and in the accompanying affidavit, Respondent Starr avows that "she did not receive a complaint/petition/affidavit" from Relator "in December of 2013."

**¶{7}** Considering this averment and the fact that Relator has not responded to the motion for summary judgment, there is no genuine issue of material fact and Respondents are entitled to judgment as a matter of law. If no affidavit was sent to Respondent Starr she had no duty under R.C. 2935.09(D) to forward it to a reviewing official. Thus, she is entitled to the grant of summary judgment. Likewise, Respondent Sickler is also entitled to a grant of summary judgment. Respondent Sickler is alleged to be the reviewing official to whom Respondent Starr was mandated to forward the affidavit. If there was no affidavit filed, then no duty to review arose.

**¶{8}** For those reasons, summary judgment is granted for Respondents and the petition for a writ of mandamus is denied.

**¶{9}** Final Order. Clerk to serve notice as provided by the Civil Rules. Costs taxed against Relator.


Vukovich, J., concurs.
Waite, J., concurs.
DeGenaro, P.J., concurs.