[Cite as *Alls v. Miller*, 2016-Ohio-2793.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel. | ) | CASE NO. 15 BE 0043 |
| JAMES M. ALLS | ) | |
| | ) | |
| PETITIONER | ) | |
| | ) | OPINION AND |
| VS. | ) | JUDGMENT ENTRY |
| | ) | |
| MICHELE MILLER, WARDEN | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:          Petition for Writ of Habeas Corpus

JUDGMENT:                                         Dismissed.

APPEARANCES:

For Petitioner:                                     James M. Alls, *Pro se*
                                                          #A648-635
                                                          Belmont Correctional Institution
                                                          P.O. Box 540
                                                          St. Clairsville, Ohio  43950


For Respondent:                                 Atty. Mike DeWine
                                                          Attorney General of Ohio
                                                          Atty. Mary Anne Reese
                                                          Assistant Attorney General
                                                          Criminal Justice Section
                                                          441 Vine Street, Suite 1600
                                                          Cincinnati, Ohio  45202


JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                                                          Dated:  April 25, 2016

PER CURIAM.

**{¶1}** Petitioner James M. Alls is an inmate at the Belmont Correctional Institution in Belmont County, Ohio. He has filed a petition for writ of habeas corpus against Michele Miller, Warden of the institution where he is incarcerated. Respondent has filed a motion for summary judgment seeking dismissal of the petition. Respondent's motion is sustained and the petition is dismissed.

## Background

**{¶2}** In February of 2012, Petitioner pleaded guilty in Case No. 11CR-02-1081 in Franklin County Court of Common Pleas to one count of aggravated robbery, a first-degree felony pursuant to R.C. 2911.01. He also pleaded guilty to one count of felonious assault, a second-degree felony under R.C. 2903.11. Other charges were dismissed. The same day, on joint recommendation from both defense counsel and the prosecutor, the court sentenced Petitioner to an aggregate sentence of fifteen years of imprisonment: nine for aggravated robbery and six for felonious assault. This sentence was to run consecutively, and consecutively with an earlier four-year sentence imposed on Petitioner in Washington County for drug trafficking. Petitioner was notified as to his period of post-release control. (2/14/12 J.E.)

**{¶3}** While Petitioner filed a *pro se* appeal, it was dismissed by the Tenth Appellate District for failure to prosecute. (4/19/12 Order, Tenth District Case No. 12AP-170.) More than two years later, Petitioner sought a delayed appeal from the court, which was denied. (6/16/14 Order.) His attempt to appeal this denial to the Ohio Supreme Court failed when the Court declined to accept jurisdiction. (10/22/14 Order, Ohio Supreme Court.)

**{¶4}** In May of 2015, Petitioner filed a federal petition seeking habeas corpus pursuant to 28 U.S.C. §2254. The matter was filed in the Southern District of Ohio and assigned Case No. 2:15CV02323. In this petition, he attacked the Ohio appellate court's decision to deny his request for delayed appeal. This petition was dismissed the following month.

**{¶5}** On July 8, 2015, Petitioner filed his present petition with this Court. In it, he appears to allege that he is being held under a void sentencing order and that Ohio Courts of Common Pleas have no jurisdiction over felony criminal cases. On August 3, 2015, Respondent filed a motion seeking summary judgment.

Analysis

**{¶6}** R.C. 2725.01 provides:

Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.

**{¶7}** The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy of law, such as a direct appeal or postconviction relief. *In re Pianowski*, 7th Dist. No. 03 MA 16, 2003-Ohio-3881, ¶ 3, citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994). The burden is on the Petitioner to establish a right to release. *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965).

**{¶8}** Respondent has requested summary judgment in the matter. Summary judgment is governed by Civ.R. 56(C). Pursuant to Civ.R. 56(C), a trial court shall grant a motion for summary judgment if, after construing the evidence in a light most favorable to the nonmoving party, the court finds an absence of a genuine issue of material fact and that reasonable minds can reach only one conclusion, that the moving party is entitled to judgment as a matter of law. *State ex rel. Sweeting v. Starr*, 7th Dist. No. 14 NO 412, 2014-Ohio-5505, ¶ 3, citing *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). Additionally, if the petition fails to meet the requirements of a properly filed petition for writ of habeas corpus, or fails to state a facially viable claim, it may be dismissed on motion by the respondent or *sua sponte* by the court. *Flora v. N. Cent. Correctional Inst.*, 7th Dist. No. 04 BE 51, 2005-Ohio-2383, ¶ 5.

**{¶9}** When a civil action is filed against a governmental entity or employee, R.C. 2969.25(A) requires the petitioner to file an affidavit with the petition describing all civil actions and appeals he or she has filed in state or federal court within the past five years. Compliance with R.C. 2969.25(A) is mandatory, and failure to satisfy the statutory requirements is grounds for dismissal. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259, 719 N.E.2d 544 (1999). While Petitioner did list certain previously filed actions in his request for the writ, Respondent accurately points out that Petitioner failed to include his earlier petition for writ of habeas corpus with the federal court. That petition was dismissed one day after Petitioner filed for voluntary dismissal of the petition. Regardless, and as noted by

Respondent, failure to comply with the provisions of R.C. 2969.25(A) requires dismissal of the petition. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982; *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422, 696 N.E.2d 594 (1998); *Smith v. Buchanan*, 7th Dist. No. 13 NO 407, 2014-Ohio-359, *Clark v. Miller*, 7th Dist. No. 13 BE 13, 2013-Ohio-2958; *Womack v. Warden of Belmont Correctional Inst.*, 7th Dist. No. 04 BE 58, 2005-Ohio-1344.

**{¶10}** In addition, the availability of a legal remedy precludes an action in habeas corpus. *State ex rel. Massie v. Rogers*, 77 Ohio St.3d 449, 450, 674 N.E.2d 1383 (1997). Petitioner did not pursue the direct appeal he filed after conviction and sentence. It is well settled that sentencing errors cannot be attacked through an action in habeas corpus. *Id.*; *Roberts v. Knab*, 131 Ohio St.3d 60, 2012-Ohio-56, 960 N.E.2d 457, ¶ 1. Habeas corpus is not the appropriate vehicle for reviewing allegations of sentencing errors when that sentence was made by a court of proper jurisdiction. *Wayne v. Bobby*, 7th Dist. No. 02 BE 72, 2003-Ohio-3882, ¶ 14, citing R.C. 2725.05; *Majoros v. Collins*, 64 Ohio St.3d 442, 596 N.E.2d 1038 (1992); *State ex rel. Wynn v. Baker*, 61 Ohio St.3d 464, 575 N.E.2d 208 (1991). Where direct appeal and postconviction relief are available to challenge a sentence, a habeas petition may properly be dismissed. *Rogers, supra.*

**{¶11}** Petitioner generally (and confusingly) argues that he is being held pursuant to a void sentencing entry and that the courts of common pleas have no jurisdiction over felony criminal cases. To the extent that he appears to allege errors in his sentencing entry, these should have been raised by him in his abandoned

appeal and are not cognizable in habeas corpus. *Childers v. Wingard*, 83 Ohio St.3d 427, 700 N.E.2d 588 (1998).

**{¶12}** We further note that Petitioner's confused and confusing assertion that the trial court had no jurisdiction over his case is also meritless. It is well settled law that Ohio courts of common pleas have original jurisdiction to enter convictions and sentences of felonies committed by adults. *See e.g.* R.C. 2931.03; *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117.

**{¶13}** While Respondent raises additional arguments in support of her argument in summary judgment, it is apparent that for all of the above reasons, habeas is not warranted in this matter.

## Conclusion

**{¶14}** Because Petitioner failed to attach a complete affidavit of all prior civil actions filed by him as required by statute and because his claimed sentencing error is not reviewable in habeas corpus, the petition seeking habeas corpus is hereby dismissed.

**{¶15}** Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, J., concurs.

DeGenaro, J., concurs.

Robb, J., concurs.