[Cite as *Harris v. Paden*, 2016-Ohio-7753.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CHAD W. HARRIS | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
|      Petitioner | |
| -vs- | Case No. 16 CA 000008 |
| JEFFREY D. PADEN, SHERIFF | |
|      Respondent | O P I N I O N |


CHARACTER OF PROCEEDING:       Writ of Habeas Corpus


JUDGMENT:                      Denied


DATE OF JUDGMENT ENTRY:       November 14, 2016


APPEARANCES:

For Petitioner                         For Respondent

JACK BLAKESLEE              DANIEL G. PADDEN
P. O. BOX 284                   PROSECUTING ATTORNEY
421 West Street                139 West Eighth Street, P.O. Box 640
Caldwell, Ohio  43724         Cambridge, Ohio  443725-0640

*Wise, J.*

**{¶1}** Petitioner, Chad Harris, has filed a Petition for Writ of Habeas Corpus alleging unlawful detention based upon an excessive bond. Respondent has filed an Answer and Motion to Dismiss. Petitioner has not filed a response to the motion to dismiss.

**{¶2}** The Petition is devoid of any facts relative to the offense for which Petitioner is committed. The Petition fails to state what charges are pending or what degree the offenses are. Without this information, the Court is unable to make a proper analysis of the bond based upon the Petition alone.

**{¶3}** Respondent has filed a motion to dismiss stating Petitioner is charged with Involuntary Manslaughter, a felony of the first degree, Corrupting Another with Drugs, a felony of the second degree, and Trafficking in Heroin, a felony of the fifth degree.

**{¶4}** The Supreme Court has explained the procedure in excessive bail habeas corpus cases,

In general, persons accused of crimes are bailable by sufficient sureties, and "[e]xcessive bail shall not be required." Section 9, Article I, Ohio Constitution. Habeas corpus is the proper remedy to raise the claim of excessive bail in pretrial-release cases. *See State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 168, 702 N.E.2d 423, 425, and cases cited therein.

In habeas corpus cases, the burden of proof is on the petitioner to establish his right to release. *Halleck v. Koloski* (1965), 4 Ohio St.2d 76, 77,

33 O.O.2d 441, 441–442, 212 N.E.2d 601, 602; *Yarbrough v. Maxwell* (1963), 174 Ohio St. 287, 288, 22 O.O.2d 341, 342, 189 N.E.2d 136, 137.

More specifically, in a habeas corpus proceeding, "where the return sets forth a justification for the detention of the petitioner, the burden of proof is on the petitioner to establish his right to release." *Id.* at 288, 22 O.O.2d at 342, 189 N.E.2d at 137. In satisfying this burden of proof, the petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings. *Id.* at 288, 22 O.O.2d at 342, 189 N.E.2d at 137.

Thus, in habeas corpus actions, "the state makes a *prima facie* case by showing by what authority it holds the prisoner" and the "burden of proceeding then shifts to the prisoner to introduce facts which would justify the granting of bail." *See, e.g., Muller v. Bridges* (1966), 280 Ala. 169, 170, 190 So.2d 722, 723.

**{¶5}** *Chari v. Vore*, 91 Ohio St.3d 323, 325, 2001-Ohio-49, 744 N.E.2d 763, 767.

**{¶6}** Here, Respondent has provided a return providing authority upon which it holds Petitioner. Respondent also filed a motion to dismiss arguing the trial court's entry sufficiently justifies the bond in this case. In turn, Petitioner has presented no evidence

which would justify granting bail. Petitioner has failed to meet his burden of proof, therefore, request for a writ of habeas corpus is denied.


By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.


JWW/d 1028