[Cite as *Olmstead v. Risner*, 2018-Ohio-854.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BRANDON OLMSTEAD | : | JUDGES: |
| | : | |
| Petitioner | : | Hon. John W. Wise, PJ. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise Jr., J. |
| -vs- | : | |
| | : | |
| E. WAYNE RISNER | : | Case No. 17-COA-39 |
| ASHLAND COUNTY SHERIFF | : | |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Writ of Habeas Corpus

JUDGMENT:      Dismissed

DATE OF JUDGMENT:      March 7, 2018

APPEARANCES:

For Petitioner:

Andrew S. Wick
23 East High Street
Mount Gilead, Ohio 43338

For Respondent:

Christopher R. Tunnell
Ashland County Prosecutor
110 Cottage Street, Third Floor
Ashland, Ohio 44805

Michael Donatini
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Delaney, J.*

{¶1}    Petitioner, Brandon Olmstead, has filed a Petition for Writ of Habeas Corpus challenging the trial court's modification of his bond.  Respondent has filed a motion to dismiss for failure to state a claim upon which relief may be granted.

{¶2}    Petitioner was charged with multiple drug related felonies.  On March 28, 2017, Petitioner was released on bond.  On April 3, 2017, a search warrant was executed on Petitioner's residence.   What was believed to be methamphetamine and drug paraphernalia was found during the search.  On April 4, 2017, Petitioner tested positive for multiple drugs.  On April 5, 2017, the trial court revoked Petitioner's bond for failure to comply with the terms of the bond.

{¶3}    The Supreme Court has explained the procedure in excessive bail habeas corpus cases:

In general, persons accused of crimes are bailable by sufficient sureties, and "[e]xcessive bail shall not be required."[1] Section 9, Article I, Ohio Constitution. Habeas corpus is the proper remedy to raise the claim of excessive bail in pretrial-release cases. See *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 168, 702 N.E.2d 423, 425, and cases cited therein.

In habeas corpus cases, the burden of proof is on the petitioner to establish his right to release. *Halleck v. Koloski* (1965), 4 Ohio St.2d 76, 77, 33 O.O.2d 441, 441–442, 212 N.E.2d 601, 602; *Yarbrough v. Maxwell* (1963), 174 Ohio St. 287, 288, 22 O.O.2d 341, 342, 189 N.E.2d 136, 137.

More specifically, in a habeas corpus proceeding, "where the return sets forth a justification for the detention of the petitioner, the burden of proof is on the

petitioner to establish his right to release." *Id.* at 288, 22 O.O.2d at 342, 189 N.E.2d at 137. In satisfying this burden of proof, the petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings. *Id.* at 288, 22 O.O.2d at 342, 189 N.E.2d at 137.

Thus, in habeas corpus actions, "the state makes a *prima facie* case by showing by what authority it holds the prisoner" and the "burden of proceeding then shifts to the prisoner to introduce facts which would justify the granting of bail." See, *e.g., Muller v. Bridges* (1966), 280 Ala. 169, 170, 190 So.2d 722, 723. *Chari v. Vore*, 91 Ohio St.3d 323, 325, 2001-Ohio-49, 744 N.E.2d 763, 767.

{¶4}    Further, Section (E) of Crim.R. 46 provides, "(E) A court, at any time, may order additional or different types, amounts or conditions of bail."

{¶5}    Here, Respondent has provided a response explaining why Petitioner's bond was revoked: new charges, positive drug test.   In turn, Petitioner has presented no evidence which would justify granting bail.

{¶6}    Additionally, Petitioner has now plead guilty and is no longer in Respondent's custody.

{¶7}   Based upon the foregoing, the Petition is dismissed for failure to state a claim upon which relief may be granted and for mootness. For these reasons, Respondent's motion to dismiss is granted.


By: Delaney, J.

Wise, John, P.J. and

Wise, Earle, J. concur.

[Cite as *Olmstead v. Risner*, 2018-Ohio-854.]