[Cite as *Smith v. Buchanan*, 2020-Ohio-3886.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

WILLIAM JEROME SMITH,

Petitioner,

v.

TIM BUCHANAN, WARDEN,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.** 19 NO 0468

---

Writ of Habeas Corpus

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Petition Dismissed.

---

William Jerome Smith, *Pro Se,* #A195-450, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, Petitioner and

*Atty. Jerri Fosnaught,* Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus Ohio, 43215, for Respondent.

Dated: July 27, 2020

**PER CURIAM.**

{¶1}  Petitioner William Jerome Smith, an inmate proceeding on his own behalf, has filed this original action seeking a writ of habeas corpus arguing he has served all of his 25-year sentence stemming from his 1987 conviction for aggravated robbery following his guilty plea.  Petitioner Tim Buchanan is warden of the Ohio Department of Rehabilitation and Correction's (ODRC) Noble Correctional Institution where Petitioner is currently serving the remainder of his sentence for that conviction.  Respondent has filed a motion to dismiss, or, alternatively, a motion for summary judgment.  The Court sustains Respondent's motion to dismiss and dismisses the petition accordingly.

{¶2}  In 1987, Petitioner pleaded guilty to one count of aggravated robbery in violation of R.C. 2911.01, a first-degree felony, in Hamilton County Common Pleas Court.  The court sentenced Petitioner to an indefinite term of imprisonment of 7 to 25 years.  In 1992, the Ohio Adult Parole Authority (OAPA) released Petitioner on parole.  At that point in time Petitioner had served 5 years, 6 months, 29 days (or 2038 days total) of his sentence.

{¶3}  Notably, Petitioner's "CERTIFICATE OF PAROLE/RELEASE AUTHORIZATION" document as issued by the OAPA stated, in relevant part:

> This parole will start upon your release from the institution and will continue
> * * * [f]or a period of not less than ONE YEAR/S when you will become
> eligible for final release consideration provided that you have maintained
> satisfactory conduct and adjustment.  Your parole may be extended or
> revoked if you fail to comply with these requirements.

{¶4}  Four months following his release, the OAPA declared Petitioner to be a "parole violator in custody" of the Alabama Department of Corrections.  Petitioner was convicted of robbery and sentenced to 25-years imprisonment in Alabama; obtained parole in 2006, only to have it revoked in 2007.  Meanwhile, as Petitioner was serving the remainder of his Alabama sentence, the OAPA issued a detainer warrant in 2011 for

Case No. 19 NO 0468

Petitioner upon his release from imprisonment in Alabama in order that it could conduct a parole release violation hearing relating to his 1987 Ohio sentence.

{¶5}   Following his release from confinement in Alabama, Petitioner was returned to the custody of the ODRC on January 22, 2018, where, thereafter, the OAPA conducted a parole release violation hearing pertaining to his 1987 Ohio conviction.  Based primarily on his Alabama conviction for robbery committed just four months following his being released on parole from his sentence for the very same offense for which he was convicted in Ohio, the OAPA revoked his parole.

{¶6}   R.C. 2967.15 governs the arrest and disposition of a parolee who has violated a condition of his parole.  Under R.C. 2967.15(C), when a parolee absconds from the supervision of the OAPA, it must declare the parolee a "violator at large," and the time between that declaration and the parolee's return to the control of the parole authority, colloquially referred to as "lost time," cannot be counted as time served under their sentence.  The OAPA calculated Petitioner's lost time at 9,194 days resulting in the maximum sentence for his 1987 conviction for aggravated robbery in Ohio expiring on January 27, 2037.  Petitioner has filed this original action for a writ of habeas corpus arguing the OAPA miscalculated his lost time by not giving him credit for time served; more specifically, asserting he has served the 25-year maximum sentence stemming from his 1987 Ohio conviction for aggravated robbery.

{¶7}   Revised Code Chapter 2725 governs habeas corpus.  The first general provision of that chapter defines which persons are entitled to a writ of habeas corpus: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01.  The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or postconviction relief. *In re Pianowski,* 7th Dist. Mahoning No. 03MA16, 2003-Ohio-3881, ¶ 3, citing *State ex rel. Pirman v. Money,* 69 Ohio St.3d 591, 593 635 N.E.2d 26 (1994).  If a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed. *Tucker v. Collins,* 64 Ohio St.3d 77, 78, 591

N.E.2d 1241 (1992). The burden is on the petitioner to establish a right to release. *Halleck v. Koloski,* 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell,* 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963).

**{¶8}** Respondent has filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. The purpose of such a motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Ed.,* 72 Ohio St.3d 94, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *State ex rel. Pirman, supra; Keith v. Bobby,* 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. If the petition does not meet the requirements of a properly filed petition for writ of habeas corpus, or fails to state a facially viable claim, it may be dismissed on motion by the respondent or *sua sponte* by the court. *Flora v. State,* 7th Dist. Belmont No. 04 BE 51, 2005-Ohio-2382, ¶ 5.

**{¶9}** As mentioned above, R.C. 2725.01, *et seq.,* governs habeas filings, and failure to satisfy these statutory requirements is generally fatal to the petition. One of the requirements is that the petitioner must file all pertinent commitment papers relevant to the arguments being raised in the petition. R.C. 2725.04(D). The commitment papers are necessary for a complete understanding of the petition. *Bloss v. Rogers,* 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992). Failure to file the necessary commitment papers requires dismissal of the petition. *Id.* Petitioner argues he has served the maximum 25-year sentence for his Ohio 1987 conviction for aggravated robbery. To even begin to examine such an argument, we would need evidence of the terms of his original sentence, and the results of all the subsequent parole violations and the corresponding commitment papers. That information is not included in this petition. For this reason, the petition must be dismissed.

**{¶10}** When an inmate files a civil action or appeal against a government entity or employee, R.C. 2969.25(A) requires the petitioner to file an affidavit with the petition describing all civil actions and appeals he or she has filed in state or federal court within the past five years. One of the reasons for this requirement is to enable the court to determine whether the current filing is malicious or vexatious. R.C. 2969.25(B).

Compliance with R.C. 2969.25(A) is mandatory, and failure to satisfy the statutory requirements is grounds for dismissal. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259, 719 N.E.2d 544 (1999). Petitioner's failure to include the affidavit as part of his petition for writ of habeas corpus is a second, additional reason the petition must be dismissed.

**{¶11}** We cannot reach any of the substantive arguments in the petition due to the many procedural deficiencies cited above.

**{¶12}** We hereby sustain Respondent's motion to dismiss the petition for writ of habeas corpus. Petitioner committed a number of procedural errors that mandate dismissal of the petition. He failed to file the pertinent commitment papers and failed to file an affidavit of prior civil actions. For all the aforementioned reasons, we dismiss the petition for habeas corpus.

**{¶13}** Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.


**JUDGE DAVID A. D'APOLITO**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**